UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC
CLINIC, INC.,

    Plaintiff,

v.                                    CASE NO. 8:16-cv-2342-T-23TGW

ANCIENT NUTRITION, LLC, et al.,

    Defendants.
_____/

**ORDER**

The prerequisites for a class action under Rule 23, Federal Rules of Civil Procedure, are satisfied. (Doc. 44) Construed as a motion (Doc. 48) for class certification and for final approval of the class settlement, the plaintiff's unopposed motion (Doc. 48) for class certification and for final approval of the class settlement is **GRANTED**. The certified class comprises "[a]ll persons or entities who on or about July 10, 2016 through August 15, 2016 were sent a document by facsimile offering Bone Broth Protein . . . which was sent without prior express permission or invitation, by or on behalf of the Defendants." (Doc. 43 at 10).

Approved notices were disseminated and published to the class in accord with a March 23, 2017 order. (Doc. 44) The form and method of notifying the class of the class action and proposed settlement (1) constitute the best notice practicable under the circumstances, (2) afford due and sufficient notice to each person entitled

to notice, and (3) satisfy the requirements of Rule 23, due process, and all other applicable laws.  Also, because the settlement agreement (Doc. 43-1) is fair, reasonable, adequate, and in the best interest of the Settlement Class members, the plaintiff's motion (Doc. 48) for final approval of the class settlement is **GRANTED**, and the settlement agreement (Doc. 43-1) is **APPROVED**.

The plaintiff moves (Doc. 48) for an attorney's fee and costs.  An attorney's fee of $29,304.00, which is one-third of the settlement fund, is awarded from the settlement fund to the plaintiff's Class Counsel.  Also, costs of $5,607.19 are awarded from the settlement fund to the plaintiff's Class Counsel.  This amount is fair and reasonable in light of the results obtained by the Class Counsel, the risks associated with this action, the Class Counsel's ability and experience in class action litigation, and fee awards in comparable cases.  Further, the plaintiff is awarded a $9,500 incentive award from the settlement fund for serving as Class Representative.  No later than **AUGUST 28, 2017**, the defendant must wire to Class Counsel the approved attorney's fee, costs, and incentive award.  No later than **SEPTEMBER 1, 2017**, the defendant must pay the settlement administrator an amount sufficient to pay valid claims.  The settlement administrator must hold the

settlement funds in escrow and distribute settlement checks in accord with the settlement agreement.[*]

The plaintiff attempts to voluntarily dismiss John Does 1–5.  (Doc. 49) Rule 41(a)(1) permits dismissal of an "action."  However, the plaintiff moves to dismiss the "claims" and not the "action."  Under Rule 21, an order may "drop a party."  Construed as a motion to "drop a party," the plaintiff's motion (Docs. 49) to "drop a party" is **GRANTED** as to John Does 1–5.

This action is **DISMISSED WITH PREJUDICE**.  The clerk is directed to terminate any pending motion and to close the case.  Jurisdiction is retained only for the purpose of enforcing the settlement agreement.

ORDERED in Tampa, Florida, on July 11, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] No later than **SEPTEMBER 16, 2017**, the settlement administrator must distribute settlement checks.